**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 1, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHELLY RENEE HENSON,

Defendant - Appellant.

No. 15-6018
(D.C. Nos. 5:14-CV-00404-F and
5:12-CR-00194-F-1)
(W.D. of Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.[**]

---

Shelly Henson appeals the district court's denial of her motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. She claims her plea counsel was constitutionally ineffective in failing to consult with her about a possible appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

# I. Background

Henson defrauded prospective adoptive parents, adoption agencies, and adoption law firms through an elaborate scheme that involved her feigning pregnancy and offering the purported child for adoption. She pleaded guilty to mail fraud. The district court sentenced her to sixty months in prison—well above the twenty-one- to twenty-seven-month range suggested by the United States Sentencing Guidelines. Henson did not appeal because counsel did not file a notice of appeal within fourteen days of the entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A)(i).

Henson then brought this § 2255 petition, alleging ineffective assistance of counsel. She claims that her attorney breached a constitutional duty by failing to consult with her about appealing. After an evidentiary hearing, the district court denied the petition. The court found that counsel had adequately consulted with Henson through their mail correspondence.

# II. Analysis

We review the district court's legal determinations de novo and its factual conclusions for clear error. *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001). To succeed on her claim for ineffective assistance of counsel, Henson must show that her counsel's performance was deficient and that the deficiency prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In determining whether failure to file a notice of appeal is deficient, we first consider whether the attorney "disregard[ed] specific instructions from the defendant to file a notice of appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Failure to heed the defendant's instruction to appeal is professionally unreasonable. *Id.* But "a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id.*

If the defendant "neither instructs counsel to file an appeal nor asks that an appeal not be taken," we then ask "whether counsel in fact consulted with the defendant about an appeal." *Id.* at 478. "Consult" has a "specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. If counsel has consulted with the defendant, his performance is only deficient if he fails to "follow the defendant's express instructions with respect to an appeal." *Id*.

Finally, if counsel has not consulted with the defendant, the question is whether failure to consult is itself deficient performance. *Id*. Not every failure to consult is constitutionally deficient. *Id*. at 479. Rather, the duty to consult exists only "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2)

that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.

The district court convened an evidentiary hearing and took testimony from Henson and her lawyer. It also relied on three letters exchanged between Henson and counsel after Henson's sentencing date of April 29, 2013 and before the deadline for filing a notice of appeal, May 16, 2013.[1]

At the hearing, Henson testified she was not advised as to the pros and cons of an appeal, and that she wished to appeal. She believed her first letter to counsel, received on May 2, 2013, instructed him to do so. In contrast, her counsel testified that he spoke to Henson in person on the day of sentencing. He recalled telling her at some point that even if she won an appeal, she would have the same sentencing judge on remand.

As to the letters, in the May 2, 2013 letter Henson said she was upset about her above-Guidelines sentence, particularly because her co-defendants received less time. But she did not mention the possibility of appealing. Her counsel then responded with a letter dated May 3, 2013, explaining that the sentence could have been ten years instead of five because the judge found Henson's conduct considerably more egregious than that of her co-defendants. Finally, in a letter received by counsel on May 7, 2013, Henson acknowledged that she was lucky

---

[1] Judgment was entered on May 2, 2013.

the sentence was not worse, that she felt remorse for her victims, and that she was sorry for her previous letter. Once again, there was no mention of appeal.

The district court found that Henson had never instructed counsel to file an appeal. The court also noted that the contents of the letters established "that the defendant's attitude toward the matter had progressed from anger to acceptance," R. Vol. 1, at 187, and that counsel had gleaned from the letters "an unmistakable sense of acceptance and finality," *id.* at 189. Counsel had reasonably believed she had no interest in appealing because she knew she would see the same judge on remand and would not likely receive a more favorable sentence.

Even if these exchanges do not show Henson explicitly instructed counsel *not* to appeal, we agree with the district court that counsel adequately consulted with her. As discussed above, counsel explained to Henson that an appeal would likely be unsuccessful or futile because she would have the same judge on remand. Coupled with counsel's observation in his letters that Henson was lucky to get only five years instead of ten, we find this a sufficient discussion of the advantages and disadvantages of taking an appeal. And Henson's ultimate acceptance of her fate satisfied any duty counsel may have had to reasonably ascertain her wishes. Because counsel adequately consulted with Henson and did not disregard any express instructions on her part, his performance was not deficient. *Flores-Ortega*, 528 U.S. at 478.

## III. Conclusion

For the foregoing reasons, we AFFIRM the district court's denial of Henson's § 2255 motion.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge